## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## CENTRAL DIVISION

LYNDON HART,

       Plaintiff,

  vs.

MICHAEL HOUDYSHELL, et. al.,

       Defendants

Case No.: 03:23-cv-03030 RAL

PLAINTIFF LYNDON HART'S LEGAL MEMORANDUM IN SUPPORT OF HIS MOTION FOR EXPEDITED DISCOVERY

## INTRODUCTION

Plaintiff Lyndon Hart ("Mr. Hart") files this legal memorandum pursuant to Federal Rule of Civil Procedure 26(d) ("Rule 26(d)") and District of South Dakota Civil Local Rule 7.1 ("D.S.D. Civ. LR 7.1.") in support of his Motion for Expedited Discovery. Mr. Hart filed a Complaint on November 3, 2023, seeking injunctive and declaratory relief to protect his free speech rights as are guaranteed to him by the First and Fourteenth Amendments to the United States Constitution. (Dkt. #1). Mr. Hart further filed a Motion for Preliminary Injunction on November 6, 2023 to enjoin the "offensive to good taste and decency" standard found in S.D.C.L. § 32-5-89.2 and Policy #MV118 while this action is pending. (Dkt. #4) (Dkt. #5). In his motion, Mr. Hart requested oral argument and an evidentiary hearing.  (Dkt. #4 p. 2)

1

Mr. Hart now moves the Court for permission to engage in limited, expedited discovery of ten interrogatories, fifteen requests for production of documents, and to take the depositions of the Department of Revenue and Motor Vehicle Division employees who denied Mr. Hart's application for REZWEED and the employees who created Policy #MV118.  This discovery is necessary to adequately prepare for the hearing on Plaintiff's Motion for a Preliminary Injunction.  It will also allow the Court to rule on the motion with a developed record. As outlined below, good cause exists for the Plaintiff's request to conduct limited, expedited discovery.

## STATEMENT OF FACTS

I.  <u>Plaintiff Lyndon Hart</u>

On May 31, 2022, Mr. Hart applied for a personalized license plate reading REZWEED from the South Dakota Department of Revenue Motor Vehicle Division as he owns a business called "Rez Weed Indeed".  (Dkt. #1 – Complaint – at ¶111). Rez Weed Indeed does not sell any marijuana products but instead "support[s] and promote[s] the legal selling and use of Medical and Recreational Marijuana on all Federally recognized Indian reservations . . . in America" as a way of "respecting and honoring and supporting our Tribal Sovereignty lands." (<u>Id.</u> at ¶112).  Mr. Hart was going to add weed killing services to his business functions when he applied for the plate, but changed his mind about adding this service to the business.  (<u>Id.</u> at

¶114). On June 6, 2022, Brenda King, an employee of the Motor Vehicle Division signed a letter which was received by Mr. Hart denying his requested plate. It reads, "Your request for Personalized license plate(s) REZWEED has been denied under statute 32-5-89.2 as it was found to be in poor taste." (Id. at ¶¶116-117).   On September 28, 2022, the Department of Revenue, Motor Vehicle Division reversed its decision without explanation and emailed Mr. Hart to notify him he could obtain the license plate REZWEED. (Id. at ¶ 128).  This plate, however, can be recalled at any time by the Department of Revenue since internal Policy #MV118 authorizes it to recall previously issued personalized plates at any point in time and it has previously recalled other personalized plates in the past for being in poor taste after the plates had already been issued. (Id. at ¶ ¶129, 130).

Mr. Hart intends to apply for an additional personalized license plate for another vehicle he owns  reading REZBUD or REZSMOK.  (Id. at ¶ 131).  However, this application could also be denied by the Department of Revenue's Motor Vehicle Division because S.D.C.L. § 32-5-89.2 permits them to deny a plate "carrying connotations offensive to good taste and decency" and the Department has used this provision to previously deny his application for REZWEED causing him to go several months without the plate.  (Id. at ¶134).  Even if the plate for REZBUD or REZSMOK is issued to Mr. Hart, this plate too could be recalled by the Department

of Revenue since they have done so previously to several others and retain authority to do so under Policy #MV118. (Id. at ¶135).

## II.    South Dakota's Personalized Plate Program

The South Dakota Department of Revenue "exercise[s] the powers, and ha[s] charge of and perform[s] functions, duties, and services with respect to the registration and licensing of motor vehicles," in the state of South Dakota pursuant to S.D.C.L. § 32-1-3.  A resident can apply for a personalized license plate which is a combination of letters and numbers selected by the applicant that can convey a message about anything they choose, subject to certain restrictions.  Of importance to Mr. Hart's case, is that an application can be denied by the Secretary if he determines the sought-after plate's message carries "connotations offensive to good taste and decency." S.D.C.L. § 32-5-89.2.  The terms, "offensive to good taste and decency" are not defined in any of the personalized plate statutes.  The personalized plate statutes offer no other guidance, definitions, or standards to direct the Secretary or other Department of Revenue employees processing personalized plate applications as to what constitutes a message that carries "connotations offensive to good taste and decency."

## III.    Department of Revenue's Internal Policy and Procedure

4

The Department of Revenue Policy #MV118, enacted in 2015, and Procedure Manual purport to offer guidance on what might or might not carry "connotations offensive to good taste and decency." The Department updated Policy MV#118 on September 14, 2023 but both the current and former versions of Policy #MV118 allow the Secretary to recall any plate issued he later determines "does not meet the standards of good taste and decency." (Id. at ¶ ¶ 57, 60). The previous version of Policy #MV118, which was in effect when Mr. Hart applied for and was denied the personalized plate REZWEED, reads:

> Personalized license plates cannot contain any of the following:
> - No special characters (such as #, $, &, @, etc.) may be used.
>   - $D$U#1
>   - FUN@MV
> - No vulgar words, terms, or abbreviations may be used.
>   - The characters in the order used cannot express, represent, or imply a profane, obscene, or sexual meaning.
>   - Includes definitions in the dictionary or found through internet searches.
> - No word or term that is offensive or disrespectful of a race, religion, color, deity, ethnic heritage, gender, sexual orientation, disability status, or political affiliation.
> - No words or terms that support lawlessness, unlawful activities, or that relates to illegal drugs or paraphernalia.
> - No foreign words or terms that fall into any of the above categories.

(Id.)  The current version of Policy #MV118 reads:

> Personalized license plates may not contain any of the following:
> • No special characters (such as #, $, &, @, etc.) may be used.
> > o $D$U#1
> > o FUN@MV
> • No combination of letters and/or numbers that conflict with or is a duplicate of another South Dakota license plate or plate series.
> > o Go to www.sdcars.org to "CK A PL8" to check the availability of specific plate options
> • No combination of letters and/or numbers that could be misinterpreted or is confusing from a readability standpoint for law enforcement purposes.
> > o e.g.: 88B88B
> • No combination of letters and/or numbers that mimic or pretend to represent any law enforcement agency or emergency service provider.
> > o e.g.: SDHP 1; FBI 2; RCPD 3
> • No vulgar or swear words as defined in Merriam-Websters online dictionary as vulgar, profane, offensive, or having a sexual connotation.

(Id.)

The Procedure Manual pertaining to personalized plate applications includes the required application form that is to be submitted by applicants. Similar to the previous version of Policy #MV118, the application form states:

> Personalized plate requests will be denied if they contain any of the following:
> • Special characters such as (#, $, &, @, etc.)
> • Vulgar words, terms, or abbreviations, characters that express, represent, or imply a profane, obscene, or sexual meaning

6

- Words or terms that are offensive or disrespectful of a race, religion, color, deity, ethnic heritage, gender, sexual orientation, disability status or political affiliation
- Words or terms that support lawlessness, unlawful activities, or that relate to illegal drugs or paraphernalia
- Foreign words or terms that fall into any of the previous categories
- Combinations of letters and/or numbers that conflict with or are a duplicate of another South Dakota license plate or plate series
- Combinations of letters and/or numbers that could be misinterpreted or are confusing from a readability standpoint for law enforcement purposes.

(Id. at ¶ 68). The application form that Mr. Hart completed requests that an applicant "Please explain the meaning of the requested personalized plate...." (Dkt. #1 at ¶66).  Presumably, the requirement that an application include the meaning of the applicant's requested personalized plate was so that the Defendants or other Department of Revenue employees could determine, wholly subjectively, whether the applicant's intended meaning carries "connotations offensive to good taste and decency."  (Id. at ¶ 73).

Both versions of Policy #MV118 allow the Secretary to recall a previously issued personalized plate if he determines it to be "offensive to good taste and decency." (Id. ¶ ¶ 34).  The Defendants or other Department of Revenue employees have regularly exercised this authority to recall previously approved personalized plates SPOOK, SICA, and BIGSXY (id. at ¶ 107) and could use this authority to

7

recall Plaintiff's already-issued REZWEED plate at any time under the "offensive to good taste and decency" standard.

Policy #MV118 has not deterred the Secretary of the Department of Revenue or other employees from denying and approving applications for personalized plates in an arbitrary and inconstant manner, using the "offensive to good taste and decency" standard. For example, the plates HELLBOY, HELBOY, RZNHELL, RAZNHEL, and HELLHRS were denied as being offensive to good taste and decency but HELLBNT, HELLBRD, and HELLCAT were approved. Also denied were applications for plates for BEERUS, HLDMYBR, BYOB, BEER4ME, and BEERMOM for being offensive to good taste and decency but BEER30, BEERRUN, BEERBUS, and BEERMAN were approved. (Dkt. #1 ¶ ¶ 88, 89) These are but a few of the many examples of the Defendants and other Department employee's inconsistent application of S.D.C.L. § 32-5-89.2's "offensive to good taste and decency" standard. Defendants and other Department employees have also applied the challenged standard to deny personalized plates such as IH8UALL and IH8U for being offensive to good taste and decency but approved DNTH8 and DNTH8ME. (Id. at ¶ 101).

Plaintiff alleged in the Complaint that S.D.C.L. § 32-5-89.2's "offensive to good taste and decency" standard is facially overbroad and vague, discriminates

based on viewpoint, and was applied in an unconstitutionally unreasonable manner when the state rejected Mr. Hart's requested personalized plate REZWEED; and that the Department also retains the authority to recall his REZWEED plate at any time if it again arbitrarily deems it "offensive to good taste and decency." (Id. at ¶ 129). He also intends to apply for another plate, REZBUD or REZSMOK which could be denied under this same standard. Due to the continued harm and suppression of protected speech caused by S.D.C.L. § 32-5-89.2's "offensive to good taste and decency" standard, and the ability to enforce Policy #MV118 against the Plaintiff, Plaintiff has filed a motion for preliminary injunction to prevent Defendants from enforcing the law and policy as the case moves forward. (Dkt. # 4). Plaintiff has requested an evidentiary hearing on his motion for preliminary injunction, also.

In order to adequately prepare for a hearing on Plaintiff's Motion for Preliminary Injunction, Plaintiff requests that the Court allow him to engage in narrow, limited discovery in the form of depositions and written discovery in the form of ten written Interrogatories, fifteen Requests for Production of Documents, and depositions of the individuals who were involved in the decision to deny Plaintiff's requested plate and who enacted Policy #MV118, including the named Defendants. This will allow Plaintiff to adequately present evidence at the hearing

so the Court may sufficiently rule on his motion for preliminary injunction with a developed record.

## LAW AND ARGUMENT

### I.      Applicable Standard

When determining whether to grant a motion for expedited discovery under Federal Rule of Civil Procedure 26(d), courts in this district apply a "good cause" standard. Oglala Sioux Tribe v. Van Hunnik, 298 F.R.D. 453, 454 (D.S.D. Jan. 28, 2014).  The good cause standard is met when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Id.

### II.      Good Cause Exists to Allow Expedited Discovery

Courts regularly grant motions for expedited discovery when, as here, Plaintiff has requested a preliminary injunction; the discovery will assist the Court in determining the merits of the requested injunctive relief; and the burden on the defendants to comply with the requested discovery is minimal. Rule 26(d) of the Federal Rules of Civil Procedure provides that although discovery normally does not commence until after the parties have conferred pursuant to Rule 26(1), discovery may proceed on an expedited basis "when authorized by these rules, by stipulation, or by court order." When considering whether to grant a motion for expedited

discovery under Rule 26(d), South Dakota courts employ a "good cause" standard. <u>Van Hunnik</u>, 298 F.R.D. at 455; <u>Johnson v. Krebs</u>, No. 4:18-CV-04108-RAL, 2019 WL 162742, at *2 (D.S.D. Jan. 10, 2019) ("[T]he Federal Rules of Civil Procedure allow for expedited discovery in certain circumstances . . . the party requesting such discovery must show good cause[.]").

"Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." <u>Van Hunnik</u>, 298 F.R.D. at 455–56 (cleaned up). When making this determination, courts consider factors such as:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. <u>Id.</u>

Here, these factors weigh in favor of the Court granting Plaintiff's request for expedited discovery.

First, expedited discovery is especially appropriate when a Plaintiff, like Mr. Hart, seeks preliminary injunctive relief. <u>Van Hunnik</u>, 298 F.R.D. at 456 (collecting cases that support the proposition that expedited discovery is generally appropriate in cases seeking injunctive relief). "Good cause" is often found in the context of

requests for a preliminary injunction because "[f]urther development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits." Edudata Corp. v. Scientific Computers, Inc., 599 F.Supp. 1084, 1088 (D. Minn. Sept. 28, 1984). And this argument is further supported by the fact that this case is challenging government action on constitutional grounds. See Ellsworth Associates, Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996) ("[C]ourts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action.").

Additionally, the requested discovery in the present case is narrow and will not be overly burdensome to the Defendants. The "good cause" standard is met when the party seeking expedited discovery narrowly tailors those requests. Van Hunnik, 298 F.R.D. at 457. The discovery sought here is similar to what was granted by this Court in Copperhead Agric. Prod., LLC v. KB Ag Corp., LLC, No. CIV.18-4127, 2019 WL 1233180 (D.S.D. Mar. 14, 2019). In Copperhead, the plaintiffs sought a preliminary injunction and requested expedited discovery in the form of serving no more than ten Interrogatories, no more than fifteen Requests for Production, and taking no more than five depositions, including two depositions of the named

12

defendants. Id. at *7. The Court determined that the requested discovery was "narrowly tailored" and granted the motion. Id. at *8.

Here, Plaintiff's requested discovery is as narrow as what was granted in Copperhead. Plaintiff seeks only to conduct limited discovery in the form of ten written interrogatories, fifteen requests for production of documents, and taking the depositions of those individuals who were involved in the decision to deny Plaintiff's requested plate REZWEED, including the named Defendants, and the employees who established Policy #MV118. This limited discovery is necessary for Plaintiff to prepare for the preliminary injunction hearing which will enable the Court to rule on the matter with an adequately developed record.

Finally, any burden on Defendants will be minimal since they will be subject to this discovery later in litigation.

## III.  Request for Oral Argument

Pursuant to D.S.D. Civil L.R. 7.1(C), oral argument on this motion is requested.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion for Expedited Discovery.

Dated this 6th day of November 2023.

13

American Civil Liberties Union of
South Dakota


*/s/ Stephanie R. Amiotte*
Stephanie R. Amiotte
South Dakota Bar No. 3116
Andrew Malone
South Dakota Bar No. 5186
P.O. Box 91952
Sioux Falls, South Dakota 57109
(605) 370-4313
samiotte@aclu.org
amalone@aclu.org

DeCastro Law Office, PLLC
Manuel J. De Castro, Jr.
300 N Dakota Ave, Suite 104
Sioux Falls, SD 57104
(605) 251-6787
mdecastro1@yahoo.com

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023 the foregoing PLAINTIFF LYNDON HART'S LEGAL MEMORANDUM IN SUPPORT OF HIS MOTION FOR EXPEDITED DISCOVERY was served upon the following counsel for the parties via e-mail as follows:

> Kirsten E. Jasper, Chief Legal Counsel
> South Dakota Department of Revenue
> 445 East Capitol Avenue
> Pierre, SD 57501
> Kirsten.Jasper@state.sd.us
>
> Marty Jackley, Attorney General of South Dakota
> 445 East Capitol Avenue
> Pierre, SD 57501
> Marty.Jackley@state.sd.us

American Civil Liberties Union of
South Dakota

*/s/ Stephanie R. Amiotte*
Stephanie R. Amiotte
South Dakota Bar No. 3116
P.O. Box 91952
Sioux Falls, South Dakota 57109
(605) 370-4313
samiotte@aclu.org

15