# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# CENTRAL DIVISION

| | |
|---|---|
| LYNDON HART,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HOUDYSHELL, in his individual and official capacity as Secretary of the South Dakota Department of Revenue; BRENDA KING employee of the South Dakota Motor Vehicle Division, in her individual and official capacity,<br><br>Defendants. | Case No.: 3:23-cv-3030 RAL<br><br>**STIPULATED CONSENT DECREE AND ENTRY OF ORDER** |

Plaintiff Lyndon Hart and Defendants Michael Houdyshell and Brenda King ("the State"), to avoid the expense of further litigation and trial, and to provide relief to the Plaintiff and other South Dakotans affected by the statutes and policies at issue herein, have entered into a Settlement Agreement. The Parties submit the following to the Court for approval as a Consent Decree.

Accordingly, based on the consent and agreement of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The "carries connotations offensive to good taste and decency" standard in SDCL § 32-5-89.2 is unconstitutional on its face and as applied to the Plaintiff, thus, the standard is deemed severed from the statute and has no force and effect in the issuance of personalized plates or in the recall of any previously issued personalized plates.

2. The "carries connotations offensive to good taste and decency" standard as referenced or used in any portion of Policy #MV118 in effect prior to September 14, 2023, was unconstitutional as applied to the Plaintiff.

3. Defendants and their successors, agents, servants, employees and all others acting in concert with them, are permanently enjoined from relying upon the language contained in SDCL 32-5-89.2 which provides that "The secretary may refuse to issue any letter combination which carries connotations offensive to good taste and decency" when issuing any personalized plate and when determining whether to recall any previously issued personalized plate.

4. Other provisions of SDCL 32-5-89.2 and Policy #MV118, as amended on September 14, 2023, are unaffected by this Consent Decree to the extent they do not pertain to or utilize the "carries connotations offensive to good taste and decency" standard. Any changes to Policy #MV118 or other internal procedures will be narrowly tailored and viewpoint neutral to advance the State's significant interests consistent with the First Amendment of the Constitution of the United States of America. The Consent Decree will be appended onto and incorporated into Policy #MV118.

5. Defendants shall allow Plaintiff to maintain the "REZWEED" personalized plate and to register it annually upon request, payment of required fees, and compliance with all other requirements by law consistent with this Consent Decree.

6. Plaintiff's application for personalized plate "REZSMOK" or "REZBUD" will be approved once submitted, required fees are paid, all other requirements are met consistent with this Consent Decree, and if the combination of letters is still available.

7. Plaintiff will be permitted to register any approved personalized plate annually upon Plaintiff's request, payment of required fees, and compliance with all other requirements consistent with this Consent Decree.

8. The personalized plates "REZWEED", "REZSMOK", or "REZBUD" issued to Plaintiff will not be recalled in the future so long as personalized plates are allowed by the legislature and Plaintiff is in continued compliance with all personalized license plate requirements consistent with this Consent Decree.

9. In accordance with the above and by the issuance of this Consent Decree, Plaintiff is the prevailing party.

10. Defendants will make a public statement and include a statement on the South Dakota Department of Revenue's webpage within seven days of entry of this Consent Decree that:

    a) a new personalized license plate policy has been implemented whereby the "offensive to good taste and decency" standard is no longer being utilized;

    b) any individual who was previously denied a requested personalized plate may reapply whereupon the previously

denied plate will be approved after payment of required fees, compliance with other statutory requirements and compliance with Policy #MV118 as amended on September 14, 2023, and hereafter amended to make it consistent with this Consent Decree.

11. Because attorneys' fees have not yet been resolved, the Parties agree to settle the claim for attorney's fees and costs herein by December 22, 2023. The Parties will submit the issue to this Court pursuant to the Rules of Federal Procedure and this Court's local rules for a determination of the same by January 15, 2024.

12. This judgment is final, with prejudice, resolving all claims of the Plaintiff and Defendants with the court to retain jurisdiction over enforcement of any provisions of this Consent Decree.

Dated this the 8th day of
December, 2023.

_____
American Civil Liberties
Union of South Dakota

Dated this the 8th day of
December, 2023.

_____
Kirsten E. Jasper
Ali Schaefbauer

| | |
|---|---|
| Stephanie R. Amiotte<br>South Dakota Bar No. 3116<br>Andrew Malone<br>South Dakota Bar No. 5186<br>P.O. Box 91952<br>Sioux Falls, South Dakota 57109<br>(605) 370-4313<br>samiotte@aclu.org<br>amalone@aclu.org<br><br>De Castro Law Office, PLLC<br>Manuel J. De Castro, Jr.<br>300 N Dakota Ave, Suite 104<br>Sioux Falls, SD 57104<br><br>COUNSEL FOR PLAINTIFFS | Special Assistant Attorneys General<br>Department of Revenue<br>445 E. Capitol Ave.<br>Pierre, SD 57709-9129<br>605-773-6069<br>Kirsten.Jasper@state.sd.us<br>Ali.Schaefbauer@state.sd.us<br><br><br><br><br><br><br>COUNSEL FOR DEFENDANTS |

6

Pursuant to the above stipulation, and for good cause shown, IT IS SO ORDERED.

Dated this 12th day of December, 2023.

Hon. Roberto A. Lange
Chief Judge
South Dakota District Court